**Motion Denied as Moot and Abatement Order filed March 15, 2012.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-11-00594-CR
_____

**JACK MANISCALCO, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 434th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 11-DCR-056387**

# A B A T E M E N T    O R D E R

Appellant is represented by retained counsel, **Phillip N. Slaughter**.   The reporter's record in this case was originally due August 8, 2011. *See* Tex. R. App. P. 35.2.   On August 11, 2011, Karen Woolsey, informed this court that no payment arrangements had been made and there was another court reporter involved in this appeal, Rhonda Armbruster.   On August 25, 2011, this court notified appellant that no payment arrangements had been made.   No response was received.   On January 23, 2012, after the third order to Phillip N. Slaughter to file a brief issued, a motion for extension of time was filed.   An extension of time to file appellant's brief was granted until March 1, 2012.   On

February 28, 2012, counsel for appellant filed a second motion for extension of time to file appellant's brief.

Appellant's motion stated that payment arrangements were made with Karen Woolsey for preparation of the reporter's record. The motion did not state that any portion of the record was to be prepared by Rhonda Armbruster. On March 6, 2012, we ordered Karen Woolsey to inform this court whether payment arrangements were made and whether Rhonda Armbruster was responsible for a portion of the record. On March 8, 2012, Karen Woolsey informed this court that Rhonda Armbruster was responsible for a portion of the record and that she, Karen Woolsey, has not received any payment for the record. Accordingly, the motion for extension of time to file appellant's brief is DENIED AS MOOT and we enter the following order.

Pursuant to Tex. R. App. P. 38.8(b) (a copy of which is attached) the judge of the 434th District Court shall (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether appellant desires to prosecute his appeal; (b) whether appellant is indigent; (c) if not indigent, whether appellant has abandoned the appeal or whether appellant has failed to make necessary arrangements for filing a brief; (d) the reason for the failure to file a brief; (e) if appellant desires to continue the appeal, a date certain when appellant's brief will be filed; and (2) prepare a record, in the form of a reporter's record, of the hearing. If appellant is indigent, the judge shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court on or before **April 16, 2012.**

2

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

# RULE 38.   REQUISITES OF BRIEFS

**Tex. R. App. P. 38.8. Failure of Appellant to File Brief.**

(b) *Criminal Cases*.

(1) Effect.   An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice.   If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact.   If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing.   In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record - including any order and findings - must be sent to the appellate court.

(4) Appellate Court Action.   Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel.   If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.